# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSEPH SARTIN, et al.,**

        **Plaintiffs,**

      **v.**                               **Case No. 18-CV-1890**

**CHULA VISTA, INC., et al.,**

        **Defendants.**

---

# DECISION AND ORDER

---

Plaintiffs Tony Edwards, Kenneth Riche, Joseph Sartin, Robert Silberman, and Scott Willock all own condominiums at Chula Vista Resort and Waterpark in the Wisconsin Dells, which they rented to vacationers. They filed a proposed class action complaint against defendants Chula Vista, Inc., CVR Management, LLC, and Michael Kaminski (because it is not crucial for present purposes which defendant allegedly did what, the court will refer to these defendants collectively as simply Chula Vista), as well as attorney Nancy Haggerty and her law firm, Michael Best & Friedrich. The complaint spans more than 100 pages and over 600 separately numbered paragraphs, and asserts 30 causes of action. It alleges that Chula Vista operates the Chula Vista Resort and oversees rental of the condominium units, and that the defendants "are engaged in a scheme to

take financial advantage of condominium unit owners at the Chula Vista Resort & Waterpark." Among other things, the complaint alleges that Chula Vista sells "Club" memberships to the public, which allows Club members to receive massive rental discounts on plaintiffs' condominium units, to Chula Vista's benefit and to the detriment of the plaintiffs. Haggerty and Michael Best are defendants, in part, because they counseled Chula Vista on the alleged scheme.

Chula Vista has moved for judgment on the pleadings as to Counts 4-6 (Theft by Fraud), 7-9 (Constructive Fraud), 12-14 (Breach of Fiduciary Duty), 15-17 (Negligent Misrepresentation), 19-21 (Intentional Misrepresentation), and 25-27 (Wisconsin Deceptive Trade Practices Act) on the ground that each is barred by the statute of limitations. (ECF No. 41.) They also contend that the claims under the Wisconsin Deceptive Trade Practices Act (DTPA) should be dismissed because the complaint does not set forth facts plausibly suggesting a violation of the Act.

Haggerty and Michael Best move for judgment on the pleadings as to Counts 10-11 (Constructive Fraud), 18 (Negligent Misrepresentation against Michael Best), 22 (Aiding and Abetting Conversion against Michael Best), 23 (Aiding and Abetting Breach of Fiduciary Duty against Michael Best), another Count 23 (Aiding and Abetting Conversion against Haggerty), and 24 (Aiding and Abetting Breach of Fiduciary Duty against Haggerty) on the same ground as Chula Vista—that they are barred by the applicable statute of limitations—and on Counts 28 and 29 (Legal Malpractice) on the

ground that the plaintiffs lack standing to pursue such claims. The motions have been fully briefed and are ready for resolution. The Clerk of Court has advised the court that all parties have consented to the full jurisdiction of a magistrate judge. The court has jurisdiction over the plaintiffs' claims under 28 U.S.C. § 1332(d)(2)(A) and 28 U.S.C. § 1367.

**FACTS**

The following facts are taken from the complaint.

Defendant Chula Vista, Inc. operates the Chula Vista Resort & Waterpark, located in the Wisconsin Dells. (ECF No. 1, ¶ 14.) The resort consists of a hotel, outdoor pool, golf course, indoor and outdoor waterparks, and condominium units. (*Id.*, ¶¶ 25-26.) Defendant CVR Management, LLC oversees the rental and day-to-day operations of the condominium units. (*Id.*, ¶ 16.) Defendant Kaminski is Chula Vista Inc.'s Chief Operating Officer and owner. (*Id.*, ¶ 15.) Plaintiffs each own a condominium unit at the resort. (*Id.*, ¶¶ 9-13.)

In or about 2005 Chula Vista, Inc. and Kaminski began to solicit investors like the plaintiffs to purchase yet-to-be-built condominium units. (ECF No. 1, ¶ 28.) As an incentive to invest in the condominiums, Chula Vista, Inc. marketed to prospective owners, including the plaintiffs, the opportunity to earn income by renting their condominium units to the public. (*Id.*, ¶ 29.) Chula Vista, Inc. presented plaintiffs with rental forecasts of anticipated future annual revenues for the rental of the condominiums

and proposed that the income derived from the rental of the units would be split, 60 percent to the condominium owner and 40 percent to CVR. (*Id.*, ¶¶ 30, 32.) Based on their belief that Chula Vista and its management would manage the condominium in a reputable and profitable manner, plaintiffs executed purchase agreements for condominiums. (*Id.*, ¶ 33.) As condominium owners, plaintiffs became members of the Chula Vista Condominium Unit Owners Association (Association). (*Id.*, ¶ 34.)

In connection with their condominium purchases, all plaintiffs were encouraged to, and did, enter into a Rental Management Agreement with CVR and the Association, which set out the revenue sharing proposal previously touted by Chula Vista, Inc. (ECF No. 1, ¶ 36.) The Rental Management Agreement is attached to the complaint as Exhibit A. The plaintiffs granted to CVR the right to rent their units according to the terms of the Rental Management Agreement. (*Id.*, ¶ 37.)

In around 2009 Chula Vista, Inc. and Kaminski formed a program called The Club at Chula Vista Resort and sold memberships to the general public. (ECF No. 1, ¶ 42.) The Club charged members an up-front initiation fee of approximately $10,000, in addition to annual dues. (*Id.*, ¶ 43.) In exchange, the Club provided members steep rental discounts (as much as 80 percent) on condominiums owned by, among others, the plaintiffs. (*Id.*, ¶ 44.) All Club membership fees and dues were kept by Chula Vista and the Club. (*Id.*, ¶ 45.) The condominium owners were not consulted about the formation or operation of the Club. (*Id.*, ¶ 50.)

Over the years Chula Vista has steadily and substantially increased various amenity fees and assessments, which do not benefit the plaintiffs. (ECF No. 1, ¶ 65.) For example, in 2017-18 they increased the total "Indoor Water Park Amenity Fee" by $460,000, a 31 percent hike over the previous year. (*Id.*) In addition, over time the assessments have continued to rise. (*Id.*, ¶ 66.) The assessed fees helped fund other Kaminski-owned enterprises, including the indoor water park, golf course, restaurant, and others. (*Id.*, ¶ 70.)

In addition to the rental management program, Chula Vista oversees and operates a maintenance program. (ECF No. 1, ¶ 74.) As part of the maintenance program, Chula Vista replaces fixtures, furniture and the like, and performs service and maintenance on the condominium units. (*Id.*, ¶ 75.) When purchases are made, there is a clear markup on the items. (*Id.*, ¶ 77.)

Haggerty provided legal services to Chula Vista regarding the execution of the Rental Management Agreement and the formation and running of the Club and the maintenance program. (ECF No. 1, ¶ 107.) She also served as legal counsel for the Association, presiding over Association meetings and giving legal advice to condominium unit owners. (*Id.*, ¶ 110.) As counsel for both the Association and Chula Vista, Haggerty helped push through approval of the improper assessment fees. (*Id.*, ¶ 71.)

# RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed…a party may move for judgment on the pleadings." A motion under Rule 12(c) generally requires the court to apply the same well-established standard applicable to a motion under Rule 12(b)(6). Thus, to survive a motion for judgment on the pleadings, "the complaint must state a claim that is plausible on its face." *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (quoting *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lodholtz v. York Risk Servs. Group*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court accepts as true the facts alleged in the complaint. *St. John*, 822 F.3d at 388. However, the court need not accept as true any legal assertions. *Lodholtz*, 778 F.3d at 639 (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014)). Like Rule 12(b) motions, a Rule 12(c) motion is to be granted "only if it appears beyond doubt that [the plaintiffs] cannot prove any facts that would support [their] claim for relief." *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016) *(quoting Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

However, Rule 12(c) is more expansive than Rule 12(b)(6):

When the movant seeks relief under 12(c) based upon the substantive merits of the case rather than a procedural defect cognizable under 12(b)(6), the court applies the standard applicable to a motion for summary judgment. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). Thus,

> the court considers whether there exists a "genuine dispute as to any material fact" and whether the movant "is entitled to judgment as a matter of law." *Conley v. Birch*, 796 F.3d 742, 746 (7th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). The difference between Rule 12(c) and Rule 56 is that under Rule 12(c) the court's review is limited to the pleadings. *Alexander*, 994 F.2d at 336. "When the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c)." *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011); *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c).").

*Chapman v. Milwaukee Cty.*, No. 15-CV-14, 2015 U.S. Dist. LEXIS 130195, at *4 (E.D. Wis. Sep. 25, 2015).

## ANALYSIS

1. **Statute of Limitations**

Chula Vista's statute of limitations argument depends on a letter attached to the answer. (ECF No. 32.) The letter, dated January 14, 2011, was from Michael C. Bruck, an attorney purporting to represent "certain unit owners in the Chula Vista Unit Owners Condominium Association, Inc." (*Id.*) It was directed to Nancy Haggerty, counsel for the Association and Chula Vista. (*Id.*) A preliminary question is whether the court may consider this letter in considering Chula Vista's, Haggerty's, and Michael Best's motions for judgment on the pleadings.

In a footnote in support of their motion, Chula Vista cites *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 (7th Cir. 1998), for the proposition that "[c]ourts may consider attachments to an answer without converting a motion for

7

judgment on the pleadings to a motion for summary judgment." (ECF No. 42 at 6, fn. 1.) As a general statement of law, this is correct. Both an answer and a complaint are "pleadings." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. And under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

In *Northern Indiana Gun & Outdoor Shows*, the district court granted the defendant's motion for judgment on the pleadings. Although the defendant attached a letter to its answer, *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 454, the letter was not one of the exhibits the court relied on in granting the defendant's motion. Rather, the court relied on attachments to the complaint. *Id.* at, 453 n.5 ("We, therefore, may consider only NIGOS's complaint with its four attachments and Century Center's answer and attachment."); *see also id*. at 454 (noting that the issue before it was "how to resolve this tension between the allegations in the complaint and the exhibits attached to the complaint"). The court of appeals did *not* approve a defendant relying on an exhibit appended to its answer in moving for judgment on the pleadings. That is the situation presented here; Chula Vista attached a letter to its answer and now seeks to rely on that letter in support of its motion for judgment on the pleadings.

This court has identified at least two instances where the Court of Appeals for the Seventh Circuit noted that defendants supported motions for judgment on the pleadings by relying on documents appended to their answer. *See Kiddy-Brown v. Blagojevich*, 408

F.3d 346, 353 (7th Cir. 2005) (noting that the defendants seeking judgment on the pleadings "urge that we consider the CMS position description which the State defendants attached to their answer," but nonetheless looking solely to the allegations in the complaint when ruling on the motion); *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 705 (7th Cir. 2004) (discussing a document attached to the answer when denying defendant's Rule 12(c) motion); *see also, e.g., Dangerfield v. Waterman*, No. 17-cv-230-jdp, 2018 U.S. Dist. LEXIS 106089, at *4-5 (W.D. Wis. June 26, 2018) (noting that defendant's Rule 12(c) motion relied on prison policy attached to the defendant's answer); *Sawyer v. Matthews*, No. 1:15-cv-01541-SEB-DML, 2016 U.S. Dist. LEXIS 181679, at *9 (S.D. Ind. Dec. 15, 2016) (denying on the merits defendant's Rule 12(c) motion, which was based on documents attached to co-defendant's answer); *Rodriguez v. I.Q. Data Int'l, Inc.*, No. 15-CV-383, 2015 U.S. Dist. LEXIS 156901, at *1 (N.D. Ill. Nov. 4, 2015) (denying defendant's Rule 12(c) motion, which relied on affidavit attached to answer disputing the allegations in the complaint, because disputes of material fact existed). However, in none of these cases did the courts discuss whether it was proper to consider documents attached to the answer when ruling on the defendant's motion for judgment on the pleadings. Rather, the courts ended up denying the defendants' motions anyway.

Some district courts *have* relied on documents attached to an answer to grant a defense motion for judgment on the pleadings. *St. John v. CACH, Ltd. Liab. Co.*, No. 14 C 0733, 2014 U.S. Dist. LEXIS 95875, at *9 (N.D. Ill. July 8, 2014); *Iqbal v. Zafar*, No. 12-CV-

9

1723, 2013 U.S. Dist. LEXIS 146393, at *6 (N.D. Ill. Oct. 9, 2013); *Kelley v. Criterion Catalysts & Techs. L.P.*, No. 3:13cv298, 2013 U.S. Dist. LEXIS 152118, at *2 (N.D. Ind. Oct. 23, 2013) ("When the court considers the motion for judgment on the pleadings, the exhibits attached to the Answer should be considered."); *Clever Ideas, Inc. v. Citicorp Diners Club, Inc.*, No. 02 C 5096, 2003 U.S. Dist. LEXIS 14752, at *38 (N.D. Ill. Aug. 20, 2003). Those courts, like Chula Vista, tended to rely on the broad language of *Northern Indiana Gun & Outdoor Shows* defining "pleadings" and overlook the fact that the decision did not rely on the attachment to the answer.

This court is not persuaded that, when deciding a defendant's motion for judgment on the pleadings, a court may automatically accept and rely on a document attached to the defendant's answer. *Cf.* Judgment on the Pleadings—Practice Under Rule 12(c), 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.) ("[W]hen material issues of fact are raised by the answer and the defendant seeks judgment on the pleadings on the basis of this matter, his motion cannot be granted."). The circumstances in which the court may grant a defendant's motion for judgment on the pleadings based on documents attached to an answer are narrow. Documents "referred to in the plaintiff's complaint and [which] are central to his claim" may be attached to the answer and considered as part of the

10

pleadings.[1] *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). And matters subject to judicial notice can be considered even though attached to the answer rather than the complaint. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

Neither exception applies here. Absent either exception, if the defendant seeks judgment based on a document neither referenced in nor attached to the complaint, the proper procedure is a motion for summary judgment rather than one for judgment on the pleadings. *See, e.g.*, *Stricklin v. First Nat'l Collection Bureau, Inc.*, No. 3:10-cv-01027-JPG-SCW, 2012 U.S. Dist. LEXIS 45695, at *6 (S.D. Ill. Mar. 30, 2012) (defendant requested the court convert its motion for judgment on the pleadings to one for summary judgment so the court may consider documents it attached to its answer).

If a defendant were to move to dismiss under Rule 12(b)(6), it could not append an exhibit to that motion and ask the court to consider it when ruling on the motion unless, as discussed, it was referred to in the plaintiff's complaint and central to his claim or subject to judicial notice. But Chula Vista's view of the Rules is that a defendant need simply answer the complaint, append to the answer whatever documents it wants, and

---

[1] It was pursuant to this exception that the court relied on documents attached to the answer when deciding a motion for judgment on the pleadings in *Chapman v. Milwaukee Cty.*, No. 15-CV-14, 2015 U.S. Dist. LEXIS 130195 (E.D. Wis. Sep. 25, 2015), a case on which Chula Vista relies (ECF No. 46 at 6.) There, the plaintiff referred to his EEOC charge in his complaint. The defendant attached that charge to its answer. Because it was referred to in the complaint, the EEOC charge was properly regarded as a part of the *complaint*, notwithstanding the fact it was presented as part of the answer. This exception may also encompass certain of the cases where courts seemed to consider documents attached to an answer for purposes of a defendant's motion for judgment on the pleadings. *See, e.g.*, *Kelley v. Criterion Catalysts & Techs. L.P.*, No. 3:13cv298, 2013 U.S. Dist. LEXIS 152118 (N.D. Ind. Oct. 23, 2013).

11

then move for judgment on the pleadings. Given the expansive view as to what constitutes a "written instrument" under Rule 10(c), Chula Vista's approach would engender a sort of abbreviated summary judgment procedure, yet without the formalities that attend proceedings under Rule 56. The court cannot discern any plausible reason for such a material and consequential distinction between motions under Rules 12(b) and 12(c).

Rather, in the context of a defendant's motion for judgment on the pleadings, a document attached to an answer is presumed to have no veracity. *See* Judgment on the Pleadings—Practice Under Rule 12(c), 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.) ("It is axiomatic, as it is for motions under Rule 12(b)(6) and as evidenced by countless judicial opinions, many of which are cited in the note below to illustrate the point, that for purposes of the court's consideration of the Rule 12(c) motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false.") Nothing in the complaint demonstrates that any claim is untimely. In short, the plaintiffs have not pled themselves out of court. Therefore, Chula Vista is not entitled to judgment on the pleadings.

Even if the court were to consider the letter attached to Chula Vista's answer (whether under Rule 12(c) or by converting the motion to one for summary judgment), the court would still deny the motion. The letter suggests only that certain unnamed

owners believed the Club would inappropriately benefit Chula Vista at the expense of the condominium owners. (ECF No. 32.) The plaintiffs deny that they were the unnamed condominium owners on whose behalf the attorney was writing. (ECF No. 45 at 10 (the letter "does not involve Plaintiffs"; "It is not written on behalf of any of the named Plaintiffs") 11 ("Plaintiffs or their counsel did not send the 2011 Letter.") 12 ("We do not even know who the condominium owners referenced in the letter are ….").) The fact that in 2011 some condominium owners apparently recognized aspects of the plaintiffs' claims does not establish as a matter of law that the plaintiffs knew or should have known of their claims at that time. "Tort claims accrue and the statute of limitations begins to run on the date that the injured party discovers, or with reasonable diligence should have discovered, the tortious injury, whichever occurs first." *CLL Assocs. Ltd. P'ship v. Arrowhead Pac. Corp.*, 174 Wis. 2d 604, 609, 497 N.W.2d 115, 117 (1993). It is certainly possible that the plaintiffs knew or should have known of their claims, just as the condominium owners on whose behalf the letter was written apparently did. But it is also possible that the claims did not accrue for the plaintiffs until a time within the relevant statutes of limitation. Accrual may depend on a variety of facts not yet before the court. In short, the court finds that there exist obvious material issues of fact and, depending on those facts, it is possible that the plaintiffs will be able to prove that their claims were timely. *See Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

Thus, that portion of the defendants' motions that seeks to dismiss various claims in the complaint on the ground that they are untimely is denied.

**2. Wisconsin Deceptive Trade Practices Act Claims**

In addition to moving to dismiss the claims under the DTPA (Counts 25-27) on the ground that they are barred by the applicable statute of limitations, Chula Vista also moves to dismiss the claims on the ground that the complaint does not set forth facts plausibly suggesting a violation of the DTPA. Specifically, they contend that nothing in the complaint alleges that misrepresentations made by Chula Vista materially induced the plaintiffs to enter a contract or other obligation. (ECF No. 42 at 17.) As a result, any alleged representations "could not have caused them any injury. (*Id*.) Alternatively, they contend that the plaintiffs were not "the public" within the meaning of the DTPA at any time after November 16, 2015, when the Rental Management Agreement was entered into. (ECF No. 42 at 18-19.) As such, any alleged misrepresentation made to them after that date was not "an advertisement, announcement, statement or representation of any kind to the public," a requirement for a violation of the DTPA.

In response, the plaintiffs argue that, for the reasons discussed above, the information in the letter attached to Chula Vista's answer, which serves as the basis for the argument that any alleged misrepresentations could not have caused them any injury, cannot be considered at this stage. (ECF No. 45 at 16.) In addition, they argue that, when deciding whether to remain as participants in the rental management program, they

relied on the false and misleading statements detailed in the complaint. (*Id.* at 16-17.) Thus, the motion should be denied.

In reply, Chula Vista argues that the plaintiffs never respond to the argument that the complaint does not plausibly suggest that Chula Vista made "an advertisement, announcement, statement or representation of any kind *to the public,*" as required by the DTPA. (ECF No. 46 at 2.) As a result, they contend, the plaintiffs have conceded that point. Alternatively, the plaintiffs have waived any argument they may have had to the contrary. (*Id.* at 2-3.)

Section 100.18(1) of the Wisconsin Statutes provides that no one with the intent to induce "the public" to purchase something shall make "an advertisement, announcement, statement or representation of any kind to the public" which contains an assertion, representation or statement of fact which is untrue, deceptive, or misleading. In the complaint, the plaintiffs allege that Chula Vista "made false representations that the Club memberships have little or no effect on the value of Plaintiffs' property and rental income." (ECF No. 1, ¶¶ 515, 528.) The complaint alleges that they made these false statements to "condominium unit owners, including Plaintiffs[.]" (*Id.*, ¶¶ 517, 530.)

The complaint contains no allegation that the condominium unit owners are "the public" for purposes of the DTPA such that any representations made to them violate the DTPA. Rather, the plaintiffs' DTPA claim (and the complaint generally) refers to "the

general public" only in the context of noting to whom the Club memberships were made available.

The absence of any such allegation is the basis for Chula Vista's alternative argument for moving to dismiss the DTPA claims. And, as Chula Vista points out, the plaintiffs do not respond to the argument that nothing in the complaint alleges that Chula Vista made an advertisement, announcement, statement or representation to "the public." Having failed to respond to this argument, the plaintiffs have waived any argument to the contrary. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver.") (citing *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008)); *Saccameno v. Ocwen Loan Servicing, LLC*, 372 F. Supp. 3d 609, 626 (N.D. Ill. 2019).

Consequently, the court will grant Chula Vista's motion for judgment on the pleadings with respect to Counts 25 through 27.

### 3. Plaintiffs' Legal Malpractice Claims

Counts 28 and 29 of the complaint assert legal malpractice claims "on behalf of the Association" against Haggerty and Michael Best. Haggerty and Michael Best move to dismiss those claims "because the Plaintiffs do not have standing to assert claims on behalf of the Association." (ECF No. 44 at 13.) They assert that, although the Association has the right to sue on behalf of all unit owners under section 703.15(3)(a)3 of the Wisconsin Statutes, the reverse is not true; that is, an individual unit owner does not have

the right to sue on behalf of the Association. (*Id.* at 14.) As such, the complaint does not state a viable claim for legal malpractice. (*Id.*)

In opposing the motion, the plaintiffs assert that, "[f]or all practical purposes, MBF and Haggerty represented not only the Association but Plaintiffs and the condominium unit owners. For that reason alone, they have standing to bring the claims set forth in Counts 28 and 29." (ECF No. 45 at 17.) The plaintiffs offer no legal or factual support for this conclusion. Alternatively, they argue that in Wisconsin "attorneys can be held liable to third parties when fraud is present." (*Id.* at 17-18.) As a result, they contend they have standing to bring their legal malpractice claims.

Although the plaintiffs' response contends that they have personal claims against Nancy Haggerty and her law firm, the complaint is clear that the plaintiffs are bringing their claims on behalf of the Chula Vista Condominium Unit Owners Association. In fact, as the defendants note in reply, the plaintiffs do not even respond to the argument that the plaintiffs cannot pursue claims on behalf of the Association.

Haggerty's and Michael Best's argument is that under Wis. Stat. § 703.15 the Association is a separate entity and the plaintiffs lack authority to act on behalf of that entity. (ECF No. 47 at 2.) Again, having failed to respond to that argument, the plaintiffs have waived any argument that they have authority to bring a malpractice claim on behalf of the Association. *Bonte*, 624 F.3d at 466 (citing *Farris*, 532 F.3d at 619); *Saccameno*, 372 F. Supp. 3d at 626. Whether the plaintiffs might have any personal claim against

17

Haggerty and Michael Best is not before the court because no such claim is alleged in the complaint.

**IT IS THEREFORE ORDERED** that the Motion for Judgment on the Pleadings by CVR Management LLC, Chula Vista, Inc., and Michael Kaminski (ECF No. 41) is **granted in part and denied in part**. It is granted as to the plaintiffs' claims under the Wisconsin Deceptive Trade Practices Act (Counts 25 through 27) and denied as to all other claims.

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings by Nancy Haggerty and Michael Best & Friedrich LLP (ECF No. 43) is **granted in part and denied in part.** It is granted as to the plaintiffs' claims for legal malpractice (Counts 28 29), which they assert on behalf of the Chula Vista Condominium Unit Owners Association, and denied as to all other claims.

Dated at Milwaukee, Wisconsin this 1st day of July, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge