# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH SARTIN, et al.,**

        **Plaintiffs,**

    v.                                          **Case No. 18-cv-1890**

**CHULA VISTA, INC., et al.,**

        **Defendants.**

## DECISION AND ORDER

Currently pending before the court are two motions filed by defendants Chula Vista, Inc., CVR Management, LLC, and Michael Kaminski (the "Chula Vista Defendants"): a motion for an order compelling plaintiffs to respond to written discovery (ECF No. 63), and a motion for an order compelling Attorney Michael Bruck and his former law firm, Williams, Montgomery & John, Ltd. ("WMJ") to respond to the Chula Vista Defendants' subpoenas (ECF No. 67). Both motions have been fully briefed and are ready for resolution.

**Motion for an Order Compelling Plaintiffs to Respond to Written Discovery**

The Chula Vista Defendants served on each of the plaintiffs a First Set of Interrogatories and a First Request for Production of Documents on June 26, 2019. (ECF

No. 64-1.) About 16 months later they served each of the plaintiffs with a Second Set of Interrogatories, a Second Set of Requests for Production of Documents, and a First Set of Requests to Admit. (ECF No. 64-6.)

The Chula Vista Defendants argue that the plaintiffs' responses have been incomplete and therefore "request an order compelling Plaintiffs to produce documents and information responsive to the following interrogatories and requests, which seek"

- "details about Plaintiffs' communications relating to Chula Vista Defendants: Interrogatories Nos. 10-14, 16, 20-21, and Requests for Production Nos. 1, 2, 26, 35-37, 60, 68" (ECF No. 66 at 16);

- "details about all legal consultations and retentions sought relating to Chula Vista Defendants: Interrogatories Nos. 10-14, 20-21, 24, and Requests for Production Nos. 1, 35-37, 60, 68" (ECF No. 66 at 18);

- "details about the discovery of and investigation surrounding Plaintiffs' claims and purported damages relating to Chula Vista Defendants: Interrogatories Nos. 6-7, 10-15, 21, and Requests for Production Nos. 1, 38-39, 46, 53-55, 61, 72-73" (ECF No. 66 at 21); and

- "details about Plaintiffs' alleged damages and mitigation attempts: Interrogatories Nos. 3-4, 18-19, and Requests for Production Nos. 1-2, 5, 7, 9, 11, 13-15, 18-19, 22, 29-30, 32, 40-46, 53-57, 68, 70- 71" (ECF No. 66 at 26).

The Chula Vista Defendants further "request an order compelling Plaintiffs to produce all documents and information without withholding documents based on privilege, or alternatively to produce all documents and information responsive to the following request, which explicitly requests a privilege log: Request for Production No.

34" (ECF No. 66 at 23) and "an order compelling Plaintiffs to supplement all their responses and document production to all of Chula Vista Defendants' discovery requests to ensure they are responded to *in full* and in *complete* compliance with legal obligations without evasive responses" (ECF No. 66 at 27 (emphasis in original)).

In response, the plaintiffs do not dispute the assertions of the Chula Vista Defendants that they failed to provide complete and timely responses to written discovery. Nor do they offer any substantive challenge to the scope of the Chula Vista Defendants' discovery demands. Rather, they argue that the motion to compel "is improper and premature" and note that discovery "does not close until August 2, 2021." (ECF No. 72 at 3.) They state they "will continue to supplement and produce responsive information as necessary. Discovery is ongoing." (ECF No. 72 at 4.) They further state that, since receiving the motion to compel, they have provided supplemental responses. (ECF No. 72 at 6-7.)

The Chula Vista Defendants state in reply that these supplemental responses remain incomplete. (ECF No. 73 at 2.)

The plaintiffs' appear to misunderstand the nature of the duty to supplement under Rule 26(e) and the import of the discovery deadline. Neither the duty to supplement nor the discovery deadline act as *de facto* extensions of the 30-day deadlines set forth in Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), 36(a)(3). The Rules establish an expectation that full and complete discovery responses will be provided

3

within 30 days. It is not appropriate to simply provide a partial response and then "supplement" that response whenever the party gets around to collecting the rest of the requested information.

Nor should a litigant confuse the court-imposed discovery deadline with how long the litigant has to produce responses to demanded discovery. Again, the deadline for providing full and complete discovery responses is that set forth in the Federal Rules (or stipulated to the parties under Rule 29(b)). To ensure orderly and efficient discovery, written discovery commonly will need to be completed before depositions take place. Thus, to ensure enough time to complete depositions by the discovery deadline, it is incumbent on litigants that they timely respond to written discovery. That the Chula Vista Defendants have not yet sought to depose the plaintiffs is hardly surprising in light of the plaintiffs' dilatoriness in complying with their discovery obligations.

Therefore, the court grants the Chula Vista Defendants' motion to compel. (ECF No. 63.) Within **21 days** of this order the plaintiffs shall provide full and complete responses to all of the discovery requests that the Chula Vista Defendants' identified in the brief in support of their motion as being incomplete.

As stated in the court's pretrial order, "Boilerplate objections to discovery requests are not to be used. In the event a responding party has an objection to a particular discovery request, the objection is to be stated with specificity. The response

should also indicate whether some or all of the requested information or documents are NOT being produced on the basis of an objection." (ECF No. 40, ¶ 6.) Moreover, any document or other response being withheld on the basis that it is privileged or otherwise protected must be identified consistent with Rule 26(b)(5).

Having granted the Chula Vista Defendants' motion to compel (and the plaintiffs having partially complied following the filing of the motion), "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Crim. P. 37(a)(5)(A). Within **28 days** of this order the Chula Vista Defendants may submit a motion for reasonable expenses. Briefing on the motion shall be governed by Civil Local Rule 7 (E.D. Wis.).

**Motion to Enforce Subpoena for Document Production**

Attorney Bruck was previously employed at Williams, Montgomery & John, Ltd. While with that law firm he represented clients who owned condominiums at Chula Vista. (ECF No. 68 at 1-2.) In 2011 he sent a letter to Chula Vista's attorney wherein he outlined certain of the same issues that form the basis for the plaintiffs' complaint. (ECF No. 69-1 at 9-11.)

The Chula Vista Defendants subpoenaed all records Bruck has regarding that representation. Bruck produced nearly 700 pages of documents. However, many were

redacted, and the Chula Vista Defendants doubt that the produced documents are the extent of Bruck's file. Consequently, the Chula Vista Defendants ask the court to compel

- "Bruck to produce the documents with bates numbers MCB000498 to MCB000694 without redactions, and to reproduce any other non-privileged documents without redactions not specifically identified herein, and that Mr. Bruck's old law firm, WMJ, produce the same to the extent WMJ has different responsive documents and information from Mr. Bruck" (ECF No. 68 at 10); and

- "to produce the missing documents from MCB000142-182 and MCB000410, the attachments to all emails from MCB000498 to MCB000694, and the other responses to Mr. Rumpf's email at MCB000635-653, and that Mr. Bruck's old law firm, WMJ, produce the same to the extent WMJ has different responsive documents and information from Mr. Bruck" (ECF No. 68 at 11).

In response, Bruck's main argument is that the information sought is protected either under the work-product doctrine or by the attorney-client privilege.

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(A).

Bruck did not proceed as required under Fed. R. Civ. P. 45(e)(2)(A). Consequently, neither the Chula Vista Defendants nor the court can properly assess Bruck's claim that the information was properly withheld. Arguments regarding specific claims of privilege or confidentiality are premature.

Therefore, Bruck shall within **21 days** of this order either provide all information responsive to the Chula Vista Defendants' subpoena (as modified below) or, to the extent that any information is withheld, fully comply with Rule 45(e)(2)(A).

However, the court agrees with Bruck that the Chula Vista Defendants' subpoena is overbroad. The Chula Vista Defendants argue that Bruck's records are relevant to a potential statute of limitations defense. Because Bruck had in 2011 been advising a client with the same sort of complaints that form the basis for the plaintiffs' claims, the Chula Vista Defendants speculate that the records may reveal that the plaintiffs knew or should have known in that same time period of the claims they present in this action. Nonetheless, the Chula Vista Defendants seek not just Bruck's records from beyond the statute of limitations, *i.e.*, six years before the plaintiffs filed this action (that is, before November 30, 2012), but "his entire file from the beginning of his work for his clients through the present …." (ECF No. 68 at 6.)

The Chula Vista Defendants have failed to demonstrate that any record after November 30, 2012, "is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). Therefore, the court limits the Chula Vista Defendants' subpoena to documents from November 30, 2012, and before.

**IT IS THEREFORE ORDERED** that the Chula Vista Defendants' motion to compel (ECF No. 63) is **granted**. Within **21 days** of this order the plaintiffs shall provide

full and complete responses to all of the discovery requests that the Chula Vista Defendants' identified in the brief in support of their motion as being incomplete.

**IT IS FURTHER ORDERED** that within **28 days** of this order the Chula Vista Defendants may submit a motion for reasonable expenses regarding their motion to compel (ECF No. 63). Briefing on the motion shall be governed by Civil Local Rule 7 (E.D. Wis.).

**IT IS FURTHER ORDERED** that the Chula Vista Defendants' motion to enforce the subpoena (ECF No. 67) is **denied without prejudice**. Within **21 days** of this order Bruck shall either provide all documents from November 30, 2012, and before that are responsive to the subpoena or, to the extent that any document is withheld or information redacted, fully comply with Rule 45(e)(2)(A).

Dated at Milwaukee, Wisconsin this 13th day of May, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge