# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH SARTIN, et al.,

    Plaintiffs,

  v.          Case No. 18-CV-1890

CHULA VISTA INC, et al.,

    Defendants.

## ORDER

  Before the court are various motions, including motions from the parties requesting that the court preclude public access to many documents. (ECF Nos. 97, 104.) As cause to restrict access to certain documents, the parties note that the court granted their joint motion for entry of a protective order and, pursuant to that protective order, various documents and testimony were designated as confidential or attorney eyes only. Therefore, they seek to restrict public access to information to comply with the protective order.

  Although it has been the court's experience that parties tend to overuse the confidential designation, parties are nonetheless free to agree to keep confidential the information they exchange in discovery. But it is a different matter when those

documents are filed in court. "What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A protective order means only that a party cannot unilaterally disclose information the other side has deemed confidential. The fact that a party has designated information as confidential does not, by itself, establish good cause to keep the information from the public once it is filed with the court.

A related principle is that any document filed with the court must be public to the greatest extent possible. *See* Gen. L.R. 79(d)(2) and Committee Comment (E.D. Wis.). This means that a document should not be sealed or restricted in its entirety simply because a portion of it contains non-public information. Rather, two versions of the document should be filed: a public version that narrowly redacts only the non-public information and a restricted un-redacted version. *See id*.

In accordance with its obligation to ensure that "litigation be conducted in public to the maximum extent consistent with respecting trade secrets … and other facts that should be held in confidence," *Hicklin Eng'g*, 439 F.3d at 348 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994); *In re Continental Illinois Securities Litigation*, 732 F.2d 1302 (7th Cir. 1984)), the court must deny the parties' motions to restrict documents. (ECF Nos. 97, 104.)

Rather than unsealing the documents the parties filed, the court will permit the parties to resubmit them[1], restricting only the portions that truly must be withheld from public view. Again, the court reiterates that a party's designation of a document as confidential is not, by itself, good cause to justify precluding if from public view once it is filed with the court.

**IT IS THEREFORE ORDERED** that the motions to restrict documents (ECF Nos. 97, 104) are **denied**.

**IT IS FURTHER ORDERED** that the documents filed as ECF Numbers 99, 101, 105, 106, 107, 109, 112, 113, 114 are **stricken in their entirety**. This order applies to the whole of the filing and includes any subparts not specifically identified as restricted.

**IT IS FURTHER ORDERED** that these stricken documents shall be refiled no later than **November 22, 2021**. Upon refiling, a party should seek to restrict a document in its entirety only if the whole of the document is comprised of facts that should be held in confidence. In general, a motion to restrict a document will require the filing of a public version that narrowly redacts only confidential information and an unredacted restricted version. Any motion to restrict must demonstrate good cause to restrict some

---

[1] In filing their documents, the court appreciates that the parties took care to provide helpful descriptive titles of their attachments. This greatly assists the court in navigating the record, and therefore the parties should again provide such details when refiling.

or all of each document.

Dated at Milwaukee, Wisconsin this 15th day of November, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge