UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH SARTIN, et al.,

                Plaintiffs,

     v.                                    Case No. 18-CV-1890

CHULA VISTA INC, et al.,

                Defendants.

---

### ORDER

---

Before the court is the motion of defendants Chula Vista, Inc., CVR Management, LLC, and Michael Kaminski for attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). (ECF No. 79.) The defendants' motion was a result of the court's order granting their motion to compel. (*See* ECF Nos. 63, 78.) The defendants assert, "Since December of 2020, the legal fees incurred from representing the Chula Vista Defendants in the preparation and argument of their Motion to Compel and supporting documents total $9,172.00." (ECF No. 80, ¶ 6.) This is comprised of 30.8 hours by Attorney Lohse at $215.00 per hour and 10 hours by Attorney Hanus at $225.00 per hour. (ECF No. 80, ¶¶ 8-9.) In reply, the defendants reduce this amount to $9,107.50 (ECF No. 88 at 10), which reflects the amount the defendants actually paid (ECF No. 88-1, ¶ 7).

Rule 37(a)(5) "presumptively requires every loser to make good the victor's costs …." *Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994) ("The great operative principle of Rule 37(a)(4) is that the loser pays." (quoting Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970))). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787.

The court has "wide latitude" in setting an award of attorney's fees. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). The plaintiff is entitled to recover his fees for bringing the motion, reviewing the defendant's response and the court's decision, and pursuing the motion for fees. *See Schmitz v. Four D Trucking, Inc.*, 2015 U.S. Dist. LEXIS 91586, 2-5 (N.D. Ind. July 13, 2015).

> Plaintiffs respond:
>
> It would be unjust to award Defendants the $9,172.00 in attorneys' fees they seek in connection with their motion to compel. (ECF No. 80). Plaintiffs have meaningfully participated in discovery and had already produced over a thousand responsive documents. Plaintiffs' unintentional withholding of a limited number of responsive documents did not prejudice Defendants and it did not delay this case.

(ECF No. 86 at 1.)

If this were a simple matter of the plaintiffs having inadvertently failed to provide a subset of documents, the time for addressing that failure was as part of the pre-motion meet-and-confer. Having failed to fix the problem at that stage, the plaintiffs

cannot avoid responsibility for the expenses the defendants incurred by having to resort to a motion to compel. The absence of prejudice to the defendants in the form of delay of the case or the need to redo depositions (*see* ECF No. 86 at 3) does preclude the award of attorney fees. Attorney fees under Fed. R. Civ. P. 37(a)(5) are compensatory, not punitive. "The rationale of fee-shifting rules is that the victor should be made whole-- should be as well off as if the opponent had respected his legal rights in the first place." *Rickels*, 33 F.3d at 787 (emphasis omitted). Thus, the court does not find an award of attorney fees to be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The plaintiffs do not argue Fed. R. Civ. P. 37(a)(5)(A)(i) or (ii) apply.

> The plaintiffs' alternative argument is that the court should reduce the amount Defendants seek. Defendants merely provide time records and note their counsel's hourly rate—they do not provide evidence of the reasonableness of the time spent in bringing their motion to compel, and they do not provide evidence that the hourly rates are reasonable. (ECF No. 81). Furthermore, the 10 hours spent by David Hanus at a rate of $255 is duplicative of the 30.8 hours spent by associate attorney Paige Lohse, who performed the substantive work on Defendants' motion. *See id.* It is therefore unfair to change Plaintiffs for his work.

(ECF No. 86 at 2.)

In reply, defense counsel submitted a declaration addressing the reasonableness of their hourly rates. (ECF No. 88-1.) Significant in establishing the reasonableness of the hourly rate is the fact that the rate sought is the rate the defendants and other clients have agreed to pay counsel. Moreover, based on the court's experience in many similar

3

matters, the court has no difficulty concluding that counsel's hourly rates are reasonable.

As for counsel's specific billing entries, the court finds nothing improper or excessive with the 4.6 hours that Attorney Hanus allocated to reviewing the work of Attorney Lohse. It is routine for a partner to review an associate's work. Similarly, the court finds nothing improper or duplicative in Attorney Hanus also having to review the plaintiffs' response or to have analyzed issues for the reply.

The court finds only a single entry meriting scrutiny. Attorney Hanus attributed 1.7 hours on January 28, 2021 to what he described as, "Further analysis of issues and deficiencies in plaintiffs' responses for motion." (ECF No. 81-1 at 1.) The court understands this as reflecting work done reviewing the sufficiency of the plaintiffs' initial discovery responses.

Rule 37(a)(5)(A) allows for reimbursement of expenses related only to the motion to compel. This is distinct from the expenses incurred in identifying the deficiencies in the discovery responses that led to the motion to compel. The non-movant is responsible for costs incurred only after the movant complies with its obligation to meet and confer. The movant should have fully assessed and analyzed all deficiencies in the non-movant's discovery responses prior to the meet and confer. Thus, the court is not persuaded that this expense for further analysis of the deficiencies in the plaintiffs' responses was related to the motion to compel as opposed to work that should have

been undertaken prior to the meet and confer. Accordingly, the court will exclude this entry, reducing the defendants' request by $433.50.

The court otherwise finds the expenses incurred as reasonable and appropriate and will therefore order the plaintiffs to pay the sum of $8,674 to defendants Chula Vista, Inc., CVR Management, LLC, and Michael Kaminski.

**IT IS THEREFORE ORDERED** that the motion for attorney fees by defendants Chula Vista, Inc., CVR Management, LLC, and Michael Kaminski (ECF No. 79) is **granted in part**. The plaintiffs, jointly and severally, shall pay to Chula Vista, Inc., CVR Management, LLC, and Michael Kaminski the sum of **$8,674** not later than **28 days** after the entry of judgment in this matter.

Dated at Milwaukee, Wisconsin this 15th day of November, 2021.

_WILLIAM E. DUFFIN_
WILLIAM E. DUFFIN
U.S. Magistrate Judge